IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICARDO R. RIOS,

        Plaintiff,

vs.                               Civ. No. 98-801 LH/LCS - ACE

UNITED STATES OF AMERICA,

        Defendant.

## UNITED STATES' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW THE DEFENDANT UNITED STATES OF AMERICA through John J. Kelly, United States Attorney, and Raymond Hamilton, Assistant U.S. Attorney, and submits the Defendant's Proposed Findings of Fact and Conclusions of Law:

## PROPOSED FINDINGS OF FACT

1. The plaintiff, Ricardo Rios, filed this action pursuant to the Federal Tort Claims Act seeking damages for an accident occurring August 6, 1997 at Holloman Air Force Base.

2. On August 6, 1997, Plaintiff delivered a flatbed truck load of peat moss on five pallets, each pallet holding 30 bales of peat moss stacked six-high, each bale weighing up 80 to 100 pounds. The delivery was made to the Holloman AFB Civil Engineering storage yard.

3. The pallets were constructed of wood.

4. The only containment of the 30 bales on a pallet was plastic wrapping.

5. After his arrival, plaintiff released the five straps used to secure the five pallets.

6. The five loads of peat moss had been placed by plaintiff in the center of the bed of the truck which required off-loading by first lifting a side of the pallet a few inches, then dragging it to the edge of the flatbed where the forks would be fully inserted, and the load then lifted and removed.

7. After one pallet was off-loaded in this manner, plaintiff moved into a danger area directly in front of the next pallet being off-loaded in order to "roll up" a strap.

8. Beatrice Hixon, the Supervisor of the Holloman AFB Civil Engineering (CE) delivery division had lifted a side of the pallet being off-loaded no more than approximately 3-4 inches when the pallet broke and the peat moss fell on the plaintiff who had placed himself opposite the load being off-loaded.

9. Mrs. Hixon had never had a fork lift operating accident of any kind in the nearly 20 years she had operated a fork lift..

10. She operated the fork lift properly on the date of the accident and did nothing unusual; Mrs. Hixon had used the same technique hundreds of times before.

11. Examination of the pallet the load that fell was placed on revealed it was rotted and several supporting slats were completely missing. Photos were taken of the rotten pallet with several missing slats.

12. Neither plaintiff nor his employer inspected the rotted pallet before plaintiff delivered the load to Holloman AFB.

13. Mrs. Hixon could not inspect the pallet because it was underneath approximately 3000 pounds of peat moss and, further, the rotten wood and missing slats were covered by a layer of cardboard.

14. Immediately prior to off-loading her load, Mrs. Hixon looked for plaintiff, saw he was standing at the front of the flat bed truck, and proceeded to begin to off-load by minimally lifting one edge of the pallet and dragging it to the side of the bed of the truck.

15. After she began the off-loading procedure, Rios moved into the zone of danger opposite the pallet that Mrs. Hixon had begun to lift an inch or two.

16. Mr. Rios was subsequently reprimanded by his employer for moving adjacent to a load being off-loaded by a forklift.

17. Drivers are warned by Holloman AFB that they should not stand next to a load being off-loaded by a forklift.

18. Plaintiff's employer knew they periodically received rotted pallets, but had no plan, policy or program to inspect and compensate for rotted and damaged pallets.

19. Plaintiff's employer had no designated Safety Officer.

20. Plaintiff's employer now tells its drivers not to stand next to a load being off-loaded by a forklift.

21. Peat moss bales are frequently wet which contributed to pallet deterioration, and plaintiff and plaintiff's employer knew this.

22. Rios testified in his deposition that is hearing is not impaired, but that he somehow "did not hear" the forklift being operated by Mrs. Hixon.

23. One load had been off-loaded prior to plaintiff moving into the zone of danger and Rios was aware or should have known this and that the unloading process was underway.

24. Rios began to prematurely roll up the strap because he was in a hurry to leave.

25. The peat moss comes to plaintiff's employer, Foxworth-Galbraith Lumber Company, already loaded onto pallets.

26. The rotted pallet with several planks missing failed due to its deteriorated condition and the unreinforced load of peat moss fell on plaintiff causing his injury.

## UNITED STATES' PROPOSED CONCLUSIONS OF LAW

1. Defendant violated no duty owed to plaintiff.

2. Plaintiff's injuries were not proximately caused by the negligence of the Defendant.

3. Plaintiff's injuries were the result of plaintiff's negligence in that the he failed to discern the pallet the peat moss was placed on was rotted and missing support planks; he failed to determine if the pallet was overloaded and stacked too high; and plaintiff placed himself opposite the unloading area of the forklift knowing the unloading was taking place.

4. The negligence of plaintiff contributed to the injuries being alleged, therefore any recovery must be proportionateley reduced.

5. If plaintiff sustained damage as a result of the action alleged in the complaint, said damage was caused by the negligence of a third parties, in addition to plaintiff's negligence, over whom the United States has no control.

6. The negligent third parties are the manufacturer or supplier of the defective pallet, the supplier of the peat moss, and plaintiff's employer who failed to check the condition of the pallet.

7. Mrs. Hixon properly operated the forklift.

8. The United States was not negligent.

9. This matter is dismissed against the United States.

                                        Respectfully submitted,

                                        JOHN J. KELLY
                                        United States Attorney

                                        RAYMOND HAMILTON
                                        Assistant U.S. Attorney
                                        P.O. Box 607
                                        Albuquerque, NM 87103
                                        (505) 346-7274

I CERTIFY that a copy of the foregoing document was mailed to counsel of record on July 23, 1999.

_____
RAYMOND HAMILTON
Assistant U.S. Attorney

N:\udd\rhamilto\rios\USpropsedfindingsand conclusions