# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RICARDO R. RIOS,

    Plaintiff,

vs.                                                                      No. CIV 98-801 LH/LCS

UNITED STATES OF AMERICA,

    Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

1.     Plaintiff, Ricardo R. Rios, filed this action pursuant to the Federal Tort Claims Act seeking damages for an accident occurring August 6, 1997 at Holloman Air Force Base, New Mexico.

2.     This cause of action is brought by Plaintiff against the United States of America under 28 U.S.C. §§ 1346 (b) and 2671 *et seq.*

3.     On August 6, 1997, Plaintiff, an employee of Foxworth-Galbraith Lumber Company, was assigned to drive a load of peat moss to the Holloman Air Force Base Civil Engineering (CE) Facility.

4.     The peat moss came to Plaintiff's employer already loaded onto pallets.

5.     The pallets were constructed of wood.

6. Plaintiff loaded the pallets onto the truck at Foxworth-Galbraith's yard in Alamogordo the morning of August 6, 1997. He placed the pallets in the center of the truck's flatbed.

7. After his arrival at the CE facility, Plaintiff released the five straps used to secure the five pallets.

8. The unloading technique, using a forklift, consists of first lifting a side of the pallet a few inches, then dragging it to the edge of the flatbed where the forks would be fully inserted, and then lifting and removing the pallet from the flatbed.

9. Immediately prior to unloading a pallet of peat moss, forklift operator Beatrice Hixon, an employee of Defendant United States, looked for Plaintiff and saw him standing at the front of the flatbed truck.

10. Plaintiff moved to a location opposite the pallet that was being unloaded by Mrs. Hixon in order to "roll-up" a strap.

11. When Mrs. Hixon began to lift and drag the pallet, the pallet broke and peat moss fell on Plaintiff.

12. The falling peat moss fractured Plaintiff's right wrist.

13. The pallet broke because it was rotted and was missing nails and supporting slats.

14. Plaintiff inspected the rotted pallet before he delivered the load to Holloman AFB.

15. Plaintiff's employer knew that the company periodically received rotted pallets.

16. The supplier of the pallets is not a party to this action.

17. Plaintiff knew or should have known that forklift operators were unloading the peat moss at the time of the accident.

18. Taking safety precautions during unloading is a shared responsibility of the forklift operator and the driver who makes the delivery.

19. Plaintiff suffered damages in the amount of $17,876.62 in medical expenses for the treatment of his injury.

20. These medical expense were reasonable and necessary.

21. Plaintiff suffered damages in the amount of $2,500 in lost wages during the approximately 30 days he did not work because of his injury.

22. Plaintiff suffered damages in the amount of $25,000 in lost earning capacity in that his injury precludes him from employment in his previous job which provided him the opportunity to work overtime with a compensation rate of time-and-a half.

23. Plaintiff suffered damages in the amount of $25,000 in pain and suffering immediately following the accident, during the recovery period following the accident, and whenever he uses his right hand to perform labor-intensive tasks such as lifting heavy objects and construction work.

24. Plaintiff is the prevailing party.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 (b) and 2671 *et seq*.

2. Venue is proper in this Court because the event giving rise to this claim occurred in New Mexico.

3.	Pure comparative negligence is the applicable standard. *Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (N.M. 1981).

4.	It was the duty of the forklift operator, at all times, to keep a proper lookout so as to avoid placing Plaintiff in danger and to prevent an accident.

5.	The breach of duty by Defendant to Plaintiff partially caused Plaintiff's injuries.

6.	Plaintiff's injuries were proximately caused by the negligence of the Plaintiff, Defendant, and other third parties.

7.	Plaintiff's injury is partially the result of Plaintiff's negligence in that he placed himself opposite the unloading area of the forklift when he knew or should have known that unloading was taking place and that it was dangerous to be in this location.

8.	Plaintiff's injury is partially the result of Defendant's negligence in that the forklift operator shares the responsibility for safety during unloading and she did not ensure that there were no persons within the zone of danger while she was unloading the pallet of peat moss. Defendant is vicariously liable for the negligence of its employee, Beatrice Hixon.

9.	Plaintiff's injury is partially the result of the negligence of other third parties who supplied the rotted pallet.

10.	The negligent third parties may include, but are not limited to, the manufacturer and/or supplier of the defective pallet, and Plaintiff's employer, who failed to check the condition of the pallet and replace it with a non-defective pallet.

11.	The negligence of Plaintiff and other third parties contributed to the injuries that have been established. Therefore any recovery from Defendant United States must be proportionately reduced from the total damages awarded.

12. For the purpose of applying the pure comparative negligence standard, Plaintiff is 35 percent negligent, Defendant is 20 percent negligent, and other third parties, e.g. the supplier of the pallet and/or Plaintiff's employer, are 45 percent negligent.

13. Plaintiff is entitled to receive from Defendant 20 percent of $70,376.62 or $14,075.32.

14. Plaintiff is awarded costs and is instructed to file an appropriate motion in accordance with Local Civil Rule 54.

**WHEREFORE,** a judgment shall be entered in accordance with these Findings of Facts and Conclusions of Law.

_____
**UNITED STATES DISTRICT JUDGE**